# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MARIAH M. HARRIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action 2:16-cv-291
Criminal No. 2:13-cr-0068(2)
JUDGE MICHAEL H. WATSON
Magistrate Judge King

## OPINION AND ORDER

Petitioner Mariah M. Harris, a federal prisoner, filed a motion to vacate her conviction and sentence under 28 U.S.C. § 2255. *Mot. Vacate*, ECF No. 86. On May 9, 2017, the Magistrate Judge recommended that the Motion to Vacate be denied and that this action be dismissed. *Report and Recommendation*, ECF No. 112. Petitioner objects to that recommendation. *Obj.*, ECF No. 115. This Court has considered the matter *de novo*. *See* 28 U.S.C. § 636(b).

The procedural history of this case is set out in detail in the Report and Recommendation and will not be repeated here. Briefly, Petitioner, along with her brother, was indicted on March 21, 2013, on a charge of robbery in violation

of the Hobbs Act, 18 U.S.C. § 1951, § 2.[1] *Indictment*, ECF No. 1. On September 3, 2013, Petitioner pled guilty to that charge pursuant to a plea agreement, *Plea Agreement*, ECF No. 37, and was sentenced to a term of imprisonment of 108 months. *Amended Judgment*, ECF No. 68. The United States Court of Appeals for the Sixth Circuit affirmed the judgment of this Court. *United States of America v. Harris*, 617 F. App'x 388 (6th Cir. 2015).

The Motion to Vacate alleges that Petitioner's trial counsel was ineffective at the pretrial stage, during the plea negotiation process, and at sentencing. The Magistrate Judge concluded that Petitioner's claims are without merit.

In her objections, Petitioner first complains that it was the Magistrate Judge, and not the Respondent, who responded to the Motion to Vacate. *Objection*, ECF No. 115, PAGEID # 549–50. Petitioner is mistaken in this regard. The United States, in fact, responded to the Motion to Vacate. *See Government's Answer to Petitioner's 28 U.S.C. § 2255 Motion*, ECF No. 108. The Magistrate Judge properly considered the filings of both Petitioner and Respondent in making her recommendation. *See In re: Eastern Division United States Magistrate Judges, General Order No. COL: 14-01(III)*.

As noted, the Magistrate Judge concluded that Petitioner failed to establish the denial of the effective assistance of her trial counsel. In support of her objection to that conclusion, Petitioner refers once again to her trial counsel's

---

[1] Petitioner's brother and co-defendant was also charged with brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (ii). *Indictment*, ECF No. 1.

"poor acquittal record." *Objection*, ECF No. 115, PAGEID # 551. A petitioner who claims the ineffective assistance of counsel must establish: (1) that her counsel's performance in her case fell below an objective standard of reasonableness, and (2) that her defense was prejudiced by her counsel's errors. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court rejects, as did the Magistrate Judge, *see Report and Recommendation*, ECF No. 112, PAGEID # 536, n. 3, the measure of constitutional effectiveness suggested by Petitioner.

Petitioner also complains that her sentence was unreasonable, as compared to that of her co-defendant brother, and attributes that disparity to her counsel's failure to object to the increases in her base offense level at the sentencing stage. Petitioner's base offense level was increased to account for the facts that a firearm had been used during the robbery, that one victim had sustained serious bodily injury, that both victims had been physically restrained, and that the loss had exceeded $50,000.00. *Presentence Report*, pp. 10-11. *See also Transcript of Sentencing Hr'g*, ECF No. 73, PAGEID # 247–48. Petitioner does not explain why she believes these increases were improper.

Petitioner's sentence of 108 months' imprisonment fell at the bottom of her sentencing guideline range of 108 to 135 months' imprisonment. *See Statement of Reasons*, ECF No. 69 (filed under seal). Her co-defendant brother, who was convicted on not only the Hobbs Act charge but also on an additional firearm charge, was sentenced to an aggregate term of imprisonment of 171 months,

which fell at the top of his sentencing guideline range of 154 to 171 months' imprisonment. *Judgment*, ECF No. 57; *Statement of Reasons*, ECF No. 58 (filed under seal). In challenging her sentence, Petitioner ignores the fact that her co-defendant brother was sentenced to a total prison term that is more than five (5) years longer than hers. Instead, Petitioner focuses on the fact that, on the Hobbs Act conviction, her brother was sentenced to 87 months in prison, while she was sentenced to 108 months in prison in connection with the same charge. Petitioner's focus in this regard is misplaced. Her brother was sentenced to the mandatory consecutive term of 84 months' imprisonment on the firearm charge, *see* 18 U.S.C. § 924(c)(1)(A)(ii); the additional 87 month term imposed on him in connection with the Hobbs Act charge was the maximum that could be imposed without exceeding his applicable sentencing guideline range.

In short, this Court agrees with the Magistrate Judge that the sentence imposed on Petitioner is not evidence of the ineffective assistance of her trial counsel.

Having carefully reviewed the record and Petitioner's objections to the recommendation of the Magistrate Judge, the Court **OVERRULES** Petitioner's Objection, ECF No. 115. The Report and Recommendation, ECF No. 112, is **ADOPTED and AFFIRMED**.

This action is hereby **DISMISSED**.

Pursuant to the provisions of Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this Court must now consider

whether to issue a certificate of appealability. Where, as here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)).

Upon review of the record, this Court is not persuaded that reasonable jurists could debate whether Petitioner's claims should have been resolved differently. The Court therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**